

# Avallone & Bellistri
*Attorneys and Counselors at Law*

3000 Marcus Avenue, Suite 3E07
Lake Success, New York 11042
Tel (516) 986-2500 • Fax (516) 986-2501
www.lawyersAB.com
Ravallone@lawyersAB.com

Rocco G. Avallone *
Christopher Bellistri
Alex DeMarchena

OF COUNSEL
Alexander Tapia
Christopher Todd
George Fontana
Wendy Salman-Herlands
Joe Stancati
Michael Stea
Peter Thomas

*MEMBER OF NY AND CT BAR

March 6, 2024

**Via ECF**
Honorable Judge Denise Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

Re:     **Jerald Times v. Success Academy Charter Schools, et al.**
        **Case No.: 23-cv-03229 (DLC)**

Your Honor:

      The undersigned represents Plaintiff Jerald Times in the above-entitled matter against Defendants Success Academy Charter Schools, Inc. ("Success Academy"), Heather Haley, Matthew Morales and LaMae de Jongh (collectively, "Defendants"). I submit this letter in response to Defendants' letter-motion dated March 5, 2024, requesting that the Court compel Plaintiff to appear for a deposition on or before March 21, 2024.

      On December 26, 2023, Plaintiff served Defendants with his First Request for the Production of Documents, which contained requests for copies of Plaintiff's prior written statements, including specifically Plaintiff's work emails, i.e., through a Success Academy email address (herein referred to as "Success Academy emails"), including more specifically emails between or among Plaintiff and the individual Defendants during Plaintiff's period of employment with Defendant Success Academy.

Late in the afternoon on Friday, January 26, 2024, Plaintiff received from Defendants their Objections and Responses to Plaintiff's First Set of Requests for the Production of Documents. However, Defendants' disclosure required creating an account through a third party to access, so Plaintiff was not able to access them until after the mediation on Monday, January 29, 2024. Defendants objected to Plaintiff's requests for his prior emails, producing only what Defendants deemed to be relevant as part of Exhibit "A" annexed to their Objections and Responses. Defendants' objection was based, in part, "to the extent it requests documents within Plaintiff's possession, custody or control." However, Plaintiff no longer has access to any of his Success Academy emails.

On January 29, 2024, the parties attended mediation. Having received Defendants' first disclosure of documents only the Friday prior, consisting of over 500 documents, Plaintiff did not have an opportunity to review the disclosure in full at that time and was forced to go to mediation without the opportunity to review Defendants' disclosure. Mediation did not conclude until the first week of February, when it was agreed that continued mediation would be futile at this point.

On February 19, 2024, the parties mutually requested an extension of time permitted by the Pretrial Scheduling Order dated Nov. 3, 2023 (Document 23) with notice that "[t]he Parties are continuing to engage in written discovery, and Plaintiff intends to serve an additional set of document requests which may require at least 30 days for Defendants to respond." On February 20, 2024, the Court entered an Order (Document 27) stating that the parties may extend discovery on consent, and extended the March 22, 2024, deadline for motions for summary judgment to April 19, 2024.

On February 27, 2024, the parties requested clarification of the Order of February 20, 2024, and on the same day the Court provided clarification stating that discovery must be completed by April 19, 2024, that discovery is not extended into May (Document 29).

On February 29, 2024, following review of Defendants disclosed documents, Plaintiff served Defendants with (a) a deficiency letter in regard to Plaintiff's First Request for the Production of Documents of December 26, 2023, and (b) Plaintiff's Second Request for Production of Documents containing 12 additional demands. Plaintiff's main point of contention, among others, is Defendants' abject failure to fully provide his Success Academy emails, especially all relevant email exchanges he had with the individual Defendants. Plaintiff will be prejudiced if he is forced to go to a deposition without seeing his emails. Plaintiff provided all the text messages and all potentially relevant statements by Plaintiff requested by Defendants but only received bits and pieces of his Success Academy emails deemed "relevant" by Defendants. It is not for Defendants to decide what is relevant and what is not. Plaintiff submits that it is not overly burdensome for Defendants to provide him with copies all of his Success Academy emails, as his job performance is fundamentally implicated in the claims and

defenses of this matter, and Plaintiff should be permitted the opportunity to review them and determine which emails are most relevant and necessary for Plaintiff to prove his allegations.

On March 1, 2023, the undersigned emailed the attorneys for the Defendants with a list of proposed deposition dates, all within the timeframe permitted by the Court's Order of February 20, 2024: March 28, 2024, for Plaintiff (subject to Plaintiff receiving the requested emails); April 5, 2024, for Morales; April 8, 2024, for de Jongh; and April 10, 2024, for Haley.

As stated above, Plaintiff requested his Success Academy emails on December 26, 2023, and Defendants have not provided them. Plaintiff would be prejudiced if forced to testify without receiving his Success Academy emails, and especially the emails between the parties. Plaintiff is ready, willing and able to be deposed on March 28, 2024, and Defendants have time to complete their depositions before the deadline of April 19, 2024.

The undersigned thanks the Court for its consideration of this matter.

Very truly yours,

*Rocco G. Avallone*

Rocco G. Avallone, Esq.

---

*Handwritten note from the Court:*

The plaintiff shall submit to a deposition on 3/21/24. The defendant may not rely in this litigation on any email of the plaintiff not produced by 3/14/24 without good cause shown, to the extent the email was requested by the plaintiff in his 12/26/23 Request for Documents.

*Denise Cote*
3/6/24