UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERALD TIMES,

        Plaintiff,

  v.

SUCCESS ACADEMY CHARTER SCHOOLS, INC., HEATHER HALEY, MATTHEW MORALES, and LAMAE DEJONGH, Sued in their Individual and Official Capacities,

        Defendants.

Case No.: 23-CV-03229-DLC

**MEMORANDUM OF LAW IN SUPPORT OF AVALLONE & BELLISTRI'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF JERALD TIMES**

Avallone & Bellistri, LLP ("A&B"), counsel of record for Plaintiff Jerald Times, respectfully submits this Memorandum of Law and the accompanying declaration of Rocco G. Avallone ("Avallone Decl.") in support of their motion for an order permitting A&B to withdraw as counsel for Plaintiff Jerald Times.

## FACTUAL BACKGROUND

### A.  Procedural Background

On April 18, 2023, Plaintiff Jerald Times filed suit against Defendants Success Academy Charter Schools, Inc., Heather Haley, Matthew Morales and LaMae de Jongh to redress and recover damages for the deprivation of rights secured by the United States Constitution, the New York State Constitution and New York City Administrative Code, seeking relief for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, New York State Executive Law § 296, et seq., and New York City Administrative Code § 8-101, for relief against discrimination in employment and to correct unlawful employment practices such as those undertaken by the Defendants.

Defendants filed their answers to the complaint on July 17, 2023.

A pre-trial scheduling conference was held on November 3, 2023 (ECF Doc. 23).

The parties appeared for mediation on January 29, 2024, without a settlement.

On February 20, 2024, the Court granted extension of discovery on consent (ECF Doc. 27).

Plaintiff's deposition was held on March 20, 2024.

Defendants' depositions have yet to be held but were scheduled to begin on April 2, 2024. However, due to the irreconcilable differences between the plaintiff and A&B, the plaintiff would not authorize A&B to go forward with taking the defendants' depositions. See Avallone Decl. at ¶ 16 and Exhibit "B."

2

B.  **Bases for Withdrawal**

The bases for A&B's withdrawal from this matter are set forth in the Avallone Declaration, which A&B has sought to file under seal for *in camera* review. *See, e.g.*, *Thekkek v. LaserSculpt, Inc.*, No. 11 Civ. 4426 (HB) (JLC), 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012) ("[D]ocuments in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and ... this method is viewed favorably by the courts.") (quoting *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006)); *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97 Civ. 9262 (JGK), 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.").

In sum, irreconcilable differences between the plaintiff and A&B, as detailed in the accompanying Declaration of Rocco Avallone, have made it unreasonably difficult for A&B to continue as counsel for the plaintiff.

## ARGUMENT

A.  **Legal Standard**

Withdrawal of counsel is governed by Local Civil Rule 1.4, which states:

> An attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

In considering a motion for withdrawal of counsel, District Courts analyze two factors: (1) the reasons for withdrawal, and (2) the impact of the withdrawal on the timing of the

proceeding. *Ashmore v. CGI Grp., Inc.*, No. 11 Civ. 8611 (AT), 2013 WL 5863569, at *1 (S.D.N.Y. Oct. 30, 2013) (Torres, J.) (citing *Blue Angel Films. Ltd. v. First Look Studios. Inc.*, No. 08 Civ 6469 (DAB) (JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)). "Whether to grant or deny a motion to withdraw as counsel 'falls to the sound discretion of the trial court.'" *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (quoting *In re Albert*, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002)).

### B. Satisfactory Reasons Exist for Counsel's Withdrawal

"It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (internal quotation marks omitted). "Satisfactory reasons" for withdrawal include "failure to pay legal fees, a client's lack of cooperation – including lack of communication with counsel, and 'the existence of an irreconcilable conflict between attorney and client.'" *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) (quoting *Hallmark Capital Corp. v. Red Rose Collection, Inc.*, No. 96 Civ. 2839 (RPP) (AJP), 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997)); *see also Karimian v. Time Equities, Inc.*, 10 Civ. 3773 (AKH) (JCF), at *4 (S.D.N.Y. May 11, 2011) ("Although [the client] opposes the application to withdraw it is clear that the attorney-client relationship has broken down, and that the attorney and client lack a certain amount of trust in each other. Under these conditions a termination of the relationship would be in the best interest of both.") (quoting *Benvenisti v. City of New York*, No. 04 Civ. 3166, 2006 WL 44039, at *1 (S.D.N.Y. Jan. 6, 2006)); *Emile v. Browner*, 1996 U.S. Dist. LEXIS 18654, 95 Civ. 3836, 1996 WL 724715 at *1 (S.D.N.Y. Dec. 17, 1996) ("when a client . . . indicates that she lacks confidence in and no longer wishes to be represented by the attorney, and the attorney-client relationship has broken down, these are more

than sufficient reasons for counsel to be relieved."); *Tufano v. City of New York*, 94 Civ. 8655, 1996 WL 419912 at *1 (S.D.N.Y. July 25, 1996) (withdrawal permitted on showing that "an irreconcilable conflict has developed between [counsel and client] regarding litigation strategy"); *McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (counsel permitted to withdraw where client's affidavit "established that the [attorney-client] relationship . . . had deteriorated beyond repair," although client claimed fault was counsel's); *Sansiviero v. Sanders*, 117 A.D.2d 794, 795, 499 N.Y.S.2d 431, 431 (2d Dep't) (in "light of the irreconcilable differences between" counsel and his client "with respect to the proper course to be pursued by counsel in the litigation, the appellant's motion to withdraw as counsel for the plaintiff should have been granted."), *appeal dismissed*, 68 N.Y.2d 805, 506 N.Y.S.2d 868, 498 N.E.2d 432 (1986).

In this case, A&B respectfully submits that the circumstances set forth above and in the Avallone Declaration are sufficient to permit A&B to withdraw from representing the plaintiff, Jerald Times.

### C. Prosecution of the Suit Is Not Likely to Be Disrupted by Withdrawal of Counsel

The "posture of the case," Local Civ. R. 1.4, is such that A&B's withdrawal as counsel for the plaintiff should be permitted. The defendants' depositions have yet to be held. No trial date has been set. In analogous situations, courts in this district routinely grant motions to withdraw as counsel. *See, e.g.*, *Ashmore*, 2013 WL 5863569, at *2 (Torres, J.) (granting motion to withdraw where "the case is not close to trial" and "discovery in this case is still pending," with "sufficient time [for client] to locate new counsel well before the close of discovery and trial"); *Freund v. Weinstein*, No. 08 Civ. 1469 (FB) (MDG), 2009 WL 750242, at *1 (E.D.N.Y. Mar. 19, 2009) ("[W]ithdrawal at this juncture will not substantially disrupt this litigation since discovery is in the early stages.").

### D. Counsel Can Establish Good Cause to Withdraw and Entitlement to a Lien

Pursuant to Local Rule 1.4, A&B also respectfully requests an attorney lien be placed on any monetary reward to be recouped by the plaintiff. An attorney lien, in both New York State Courts and federal courts that sit in New York, is governed by the New York Judiciary Law § 475 (the "Judiciary Law"). *See Stair v. Calhoun,* 722 F. Supp. 2d 258, 268 (E.D.N.Y. 2010) (noting that "The Second Circuit has made clear that Section 475 governs attorneys' charging liens in federal courts sitting in New York ...."). The Judiciary Law provides that "... the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come .... The court upon the petition of the client or attorney may determine and enforce the lien." § 475.

The Judiciary Law allows an attorney to maintain this lien "if he has withdrawn for 'good cause,' which is a higher standard than the 'satisfactory reason' requirement of Local Civil Rule 1.4.'" *Diarama Trading Co., Inc. v. J Walter Thompson US.A., Inc.,* 2005 WL 193945 at *3 (S.D.N.Y.2015). District Courts in New York have routinely determined that a client's refusal to communicate with her counsel and lack of cooperation by the client are "good cause" for withdrawal. *See e.g., Naguib v. Pub. Health Solutions,* I 2-CV-256 I (ENV)(LB) (E.D.N.Y. 2014); *Diarama Trading Co., Inc.,* 2005 WL 193945 at *3; *Hallmark Capital Corp. v. Red Rose Collection, Inc.,* 1997 WL 661146 at *2 (S.D.N.Y. 1997). The calculation of said lien should be addressed at the conclusion of this matter and following a monetary reward, if any, either from settlement or after trial.

## **CONCLUSION**

For the foregoing reasons, A&B respectfully requests that the Court grant the Motion of A&B to withdraw as counsel for the plaintiff, and grant its charging lien.

Dated: Lake Success, New York
April 2, 2024

                                        Yours, etc.,

                                        Avallone & Bellistri, LLP
                                        *Attorneys for Plaintiff*

                                        By: */s/ Rocco G. Avallone*
                                        Rocco G. Avallone
                                        3000 Marcus Avenue, Suite 3E7
                                        Lake Success, New York 11042
                                        516-986-2500
                                        ravallone@lawyersab.com