

# Avallone & Bellistri
*Attorneys and Counselors at Law*

Rocco G. Avallone *
Christopher Bellistri
Alex DeMarchena

OF COUNSEL
Alexander Tapia
Christopher Todd
George Fontana
Wendy Salman-Herlands
Joe Stancati
Michael Stea
Peter Thomas

3000 Marcus Avenue, Suite 3E07
Lake Success, New York 11042
Tel (516) 986-2500 • Fax (516) 986-2501
www.lawyersAB.com
Ravallone@lawyersAB.com

*MEMBER OF NY AND CT BAR

Granted.
[signature]
4/2/24

April 2, 2024

**Via ECF:**
Honorable Judge Denise Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

Re:    **Jerald Times v. Success Academy Charter Schools, et al.**
       **Case No.: 23-cv-03229 (DLC)**

Your Honor:

    We currently represent Plaintiff Jerald Times in the above-captioned action. Pursuant to Sections 4.D. and 8.B. of Your Honor's Individual Practices, Section 6 of the ECF Rules & Instructions, and Local Civil Rule 1.4, we write to request leave to file, under seal and *in camera*, the Declaration of Rocco G. Avallone in Support of Avallone & Bellistri's ("AB") Motion for Leave to Withdraw as Counsel for Plaintiff, as well as supporting exhibits ("Avallone Declaration"), and that the Court excuse AB from serving the Avallone Declaration on the other parties to this action or their counsel.

    The Avallone Declaration contains descriptions and copies of communications between Plaintiff and AB implicating aspects of the attorney-client relationship that form the basis for AB's Motion to Withdraw. AB respectfully submits that submission under seal and *in camera*, for the Court's eyes only, is appropriate. *See, e.g., Thekkek v. LaserSculpt, Inc.*, No. 11 Civ. 4426 (HB) (JLC), 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012) ("[D]ocuments in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the

confidentiality of the attorney-client relationship between a party and its counsel, and ... this method is viewed favorably by the courts.") (quoting *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006)); *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97 Civ. 9262 (JGK), 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw."); *Ashmore v. CGI Grp., Inc.*, No. 11 Civ. 8611 (AT), Dkt. No. 56 (S.D.N.Y. Sept. 20, 2013) (ordering that counsel "need not serve his adversary with these papers"); L. Civ. R. 1.4, Committee Note ("This is not meant to preclude the Court from permitting the reasons for withdrawal to be stated in camera and under seal in an appropriate case.").

AB's request to seal is narrowly tailored to cover only the Avallone Declaration submitted in support of its Motion to Withdraw, which contains specifics about and copies of communications protected by the attorney-client privilege and work-product doctrine. The grounds for AB's Motion, including the communications between AB and Plaintiff, are summarized in the publicly filed Memorandum of Law in Support of AB's Motion, at a level of detail that, while more general, provides the parties and the public with understanding as to those grounds. Thus, AB respectfully submits that the interest to be protected by filing the Avallone Declaration under seal therefore outweighs the presumption of public access under the test set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

For the foregoing reasons, AB respectfully requests that the Court grant its motion to seal.

Very truly yours,

*/s/ Rocco G. Avallone*

Rocco G. Avallone, Esq.