```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
JERALD TIMES,                             :
                                          :
                     Plaintiff,           :    23cv3229 (DLC)
          -v-                             :
                                          :         ORDER
SUCCESS ACADEMY CHARTER SCHOOLS, et       :
al.,                                      :
                                          :
                     Defendants.          :
-----------------------------------------X
```

DENISE COTE, District Judge:

On April 2, the plaintiff's counsel Avallone & Bellistri filed a motion to withdraw as counsel for the plaintiff. The time for discovery ended on April 19. Also on April 19, the defendants filed a motion for summary judgment.

On April 23, 2024, the motion to withdraw as counsel was granted. This action was stayed until May 9 to allow the plaintiff time to find new counsel or to appear pro se. The motion for summary judgment was denied without prejudice to renewal after the stay expired.

On May 3, the plaintiff filed a motion for a sixty-day extension to find new counsel. Accordingly, it is hereby

ORDERED that the plaintiff's request for a sixty-day extension is denied.

IT IS FURTHER ORDERED that the stay is extended to **May 16, 2024** to allow the plaintiff or his incoming counsel to file a Notice of Appearance. The plaintiff or his incoming counsel

2

must submit a Notice of Appearance by **May 16**.  Failure to do so may result in the dismissal of this action with prejudice.  The plaintiff is directed to review the Order of April 23, 2024 for instructions to proceed pro se, that is, without counsel.

IT IS FURTHER ORDERED that the defendants will be permitted to re-file their motion for summary judgment on **May 28, 2024.**  The plaintiff's opposition to the motion shall be filed by **June 28**.  The defendants' reply, if any, shall be filed by **July 12**.  Instructions for responding to a summary judgment motion are attached to this Order.  In the event that the plaintiff proceeds pro se, he should review these instructions with care and direct any questions to the Pro Se Office.  At the time any reply is filed, the moving party shall supply Chambers with two (2) courtesy copies of all motion papers by mailing or delivering them to the United States Courthouse, 500 Pearl Street, New York, New York.

IT IS FURTHER ORDERED that Avallone & Bellistri shall promptly serve the plaintiff with this Order.

3

IT IS FURTHER ORDERED that Avallone & Bellistri shall file an affidavit certifying service of this Order on the plaintiff.

SO ORDERED:

Dated:   New York, New York
         May 6, 2024

                                   _____
                                   DENISE COTE
                                   United States District Judge

4
**Notice To <u>Pro Se</u> Litigant Who Opposes a Motion For Summary Judgment**

The defendant in this case has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  This means that the defendant has asked the court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion.  THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing sworn affidavits and other papers as required by Rule 56(e) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1.  An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.  The full text of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 is attached.

 In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your complaint.  Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising material issues of fact for trial.  Any witness statements must be in the form of affidavits.  You may submit your own affidavit and/or the affidavits of others.  You may submit affidavits that were prepared specifically in response to defendant's motion for summary judgment.

If you do not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the material facts asserted by the defendant, the court may accept defendant's factual assertions as true.  Judgment may then be entered in defendant's favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

# Federal Rules of Civil Procedure
# Rule 56: Summary Judgment

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

>  (1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> (1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for the purposes of the motion;

(3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or

(4) issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(g) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

**Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment**

    a)  Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

    b)  The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.

    c)  Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

    d)  Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c).