# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

500 Pearl Street, New York, NY 10007

Jerald Times,

Plaintiff,

v.

Success Academy Charter Schools, Inc., et al.,

Defendants.

Case No.: 1:23-cv-03229-DLC

## MOTION TO STAY PENDING APPEAL

TO THE HONORABLE JUDGE DENISE COTE:

Plaintiff Jerald Times, appearing pro se, respectfully moves this Court to issue a stay of enforcement of the final judgment entered on December 6, 2024, pending resolution of his appeal currently before the United States Court of Appeals for the Second Circuit. This motion is brought pursuant to Rule 62 of the Federal Rules of Civil Procedure and Rule 8(a) of the Federal Rules of Appellate Procedure.

**BACKGROUND**

On December 6, 2024, this Court entered final judgment in the above-captioned matter.

Plaintiff filed a timely Notice of Appeal on December 24, 2024, and the case is now under review by the Second Circuit Court of Appeals.

On March 21, 2025, Plaintiff received a Certificate of Completion from his pro bono attorney, confirming full compliance with all program requirements and conditions related to the case.

Plaintiff respectfully requests expedited consideration of this motion due to the risk of imminent enforcement and potential irreparable harm during the pendency of the appeal.

**LEGAL STANDARD**

In determining whether to grant a stay pending appeal, courts consider four factors established in Nken v. Holder, 556 U.S. 418 (2009):

- Whether the movant has made a strong showing that they are likely to succeed on the merits;

- Whether the movant will suffer irreparable harm in the absence of a stay;

- Whether a stay will substantially injure the other parties involved; and

- Whether a stay serves the public interest.

Courts weigh these factors flexibly, with particular emphasis on whether irreparable harm would occur and whether the balance of equities favors preserving the status quo.

**ARGUMENT**

1. Likelihood of Success on the Merits

Plaintiff's appeal presents substantial legal and procedural questions, including matters involving civil rights, employment law, and factual determinations that may warrant further review or reconsideration. While Plaintiff does not seek to relitigate the merits here, he respectfully submits that the appeal is brought in good faith and raises issues that are appropriate for appellate resolution.

2. Irreparable Harm Absent a Stay

Without a stay, Plaintiff faces ongoing reputational damage, potential professional setbacks, and emotional

distress - all consequences that cannot be reversed even if the appeal succeeds. These harms are actual and imminent, and enforcement during the appeal would only magnify them.

3. No Substantial Injury to Defendants

Defendants will not suffer significant harm if enforcement is paused pending the outcome of the appeal. There is no indication that a short delay in enforcement would affect their operations, finances, or legal position.

4. Public Interest Supports a Stay

This case implicates matters of public concern, including the rights of educators, workplace protections, and due process. A stay supports the integrity of the appellate process by allowing full review before enforcement imposes permanent consequences.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

- Stay enforcement of the judgment entered on December 6, 2024, pending final disposition of the appeal before the Second Circuit;

- Grant expedited consideration of this motion due to the potential for immediate and irreparable harm;

- And grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Jerald Times

Pro Se Plaintiff